IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| FREDERICK E. BOUCHAT | * | |
| 2146 Harman Avenue | | |
| Baltimore, Maryland 21230, | * | |
| Plaintiff | * | |
| v. | * | Case No.: |
| NATIONAL FOOTBALL LEAGUE ENTERPRISES, LLC | * | |
| 280 Park Avenue | * | |
| New York, New York 10017-1206, | | |
| | * | |
| and | | |
| | * | |
| NFL NETWORK SERVICES, LLC | | |
| 280 Park Avenue | * | |
| New York, New York 10017-1206 | | |
| | * | |
| Defendants | | |
| | * | |

\* \* \* \* \* \* \*

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
## AND REQUEST FOR JURY TRIAL

Now comes Plaintiff Frederick E. Bouchat, by his attorneys, Howard J. Schulman, Marie J. Ignozzi and Schulman & Kaufman, LLC, and states:

Jurisdiction

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1338(a).

2. This is a civil action for copyright infringement brought under the copyright laws of the United States, 17 U.S.C. §§ 501, 502, 503 & 504.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2)(3),

1391(c) and 1400(a).  Plaintiff also invokes the Maryland Long Arm Statute, Md. Code Ann. Cts. & Jud. Proc. § 6-103.  Plaintiff Frederick E. Bouchat is a citizen of the State of Maryland and resides in Baltimore, Maryland.  A substantial part of the events giving rise to this claim occurred in this District, and a substantial portion of the property that is the subject of this action is situated in this District.  Defendant National Football League Enterprises, LLC ("NFL Enterprises") did know that the works in question would be accessed on the Internet and viewed by persons in Maryland.  Defendant NFL Enterprises and/or Defendant NFL Network Services, LLC ("NFL Network") did know that the works in question would be viewed by persons in Maryland.

## COUNT I

4.    On or about December 5, 1995, in Baltimore, Maryland, Plaintiff created, among others, an original drawing, fixed on paper, depicting a raven with wings extended upward clutching a shield with a stylized "B" and a botany cross, which drawing is the subject work of this copyright action.  On or about July 25, 1996, Plaintiff applied to the Register of Copyrights for a Certificate of Registration for the subject work entitled "The Ravens;" and the Register of Copyrights thereafter issued a Certificate of Registration, bearing registration No. VAu 372-606, effective July 25, 1996.  The subject work contains material wholly original with Plaintiff in its creation and/or its selection and arrangement and is copyrightable subject matter under the laws of the United States.  Plaintiff is currently, and at all relevant times has been, the sole proprietor of all rights, title and interests in and to the copyright in the subject work.

5.    Plaintiff has the exclusive right under § 106 of the Copyright Act "to do

and to authorize" the reproduction, adaptation, publication, public and display of the copyrighted work. Any commercial reproduction or display of the infringing logo by Defendant is a violation of Plaintiff's rights under § 106.

6. Some time between April 2, 1996 and May 5, 1996, National Football League Properties, Inc. and Baltimore Ravens, Inc., the predecessor to the Baltimore Ravens Limited Partnership, copied Plaintiff's work in virtually identical form and then used this infringing logo as the primary logo of the Baltimore Ravens professional football team but thereafter supposedly ceased using the infringing logo some time in 1999.

7. Defendant NFL Enterprises is the owner and operator of nfl.com.

8. Since on or about September 7, 2007, unbeknownst to Plaintiff, Defendant NFL Enterprises publicly displayed and infringed Plaintiff's copyright on the Internet by use of film segments from the 1996 season on nfl.com in a work that it entitled "Top Ten Draft Classes: 1996 Baltimore Ravens." As of the date, members of the public accessed the infringing logo and viewed the work at least 66,293 times on nfl.com, in addition to other websites licensed to link to nfl.com.

9. Defendant NFL Enterprises received fees, royalties or revenues for publicly displaying the infringing work on the internet. The infringement alleged herein was willful and purposeful. The infringement alleged herein was committed by Defendant after actual notice, by among other things, prior adjudications, that use of the logo was a violation of Plaintiff's copyright.

10. The infringement alleged herein is a new and distinct infringement

occurring after the date of registration for purposes of 17 U.S.C. § 412.

11.     Plaintiff did not know or have reason to know of the infringement alleged herein until January 24, 2012.

WHEREFORE, Plaintiff Frederick E. Bouchat, demands:

a.     That Plaintiff be awarded actual damages;

b.     That Plaintiff be awarded profits of Defendant National Football League Enterprises, LLC that are attributable to the infringement;

c.     That Plaintiff be awarded statutory damages;

d.     That the Court issue a final permanent injunction to otherwise prevent and restrain the infringement of Plaintiff's copyright;

e.     That Plaintiff be awarded attorney's fees and costs; and

f.     That the Court grant such other relief as justice requires.

## COUNT II

12.     Plaintiff incorporates by reference all relevant allegations set forth in Count I above.  Defendants NFL Enterprises and/or NFL Network are the owners and operators of the television programming service and channel known as "NFL Network".

13.     Since on or about September 7, 2007, unbeknownst to Plaintiff, Defendants publicly displayed and infringed Plaintiff's copyright on the NFL Network by telecasting a work known as "Top Ten Draft Classes" in which the infringing logo is displayed. Defendants telecasted the infringing work on at least six occasions since on or about April 14, 2012 on the NFL Network and telecasted the infringing work prior to April 14, 2012 an unknown number of occasions.

14. Defendants received royalties and revenues for publicly displaying the infringing work on the NFL Network. The infringement alleged herein was willful and purposeful. The infringement alleged herein was committed by Defendants after actual notice by, among other things, prior adjudications that use of the logo was a violation of Plaintiff's copyright.

15. The infringement alleged herein is a new and distinct infringement occurring after the date of registration for purposes of 17 U.S.C. § 412.

16. Plaintiff did not know or have reason to know of the infringement alleged herein until April 14, 2012

WHEREFORE, Plaintiff Frederick E. Bouchat, demands:

a. That Plaintiff be awarded actual damages;

b. That Plaintiff be awarded profits of Defendants National Football League Enterprises, LLC and NFL Network Services, LLC that are attributable to the infringement;

c. That Plaintiff be awarded statutory damages;

d. That the Court issue a final permanent injunction to otherwise prevent and restrain the infringement of Plaintiff's copyright;

e. That Plaintiff be awarded attorney's fees and costs; and

f. That the Court grant such other relief as justice requires.

## COUNT III

17. Plaintiff incorporates by reference all relevant allegations set forth in Counts I and II above. Defendants NFL Enterprises and/or NFL Network are the owners

and operators of the television programming service and channel known as "NFL Network".

18. Since on or about September 2010, unbeknownst to Plaintiff, Defendants publicly displayed and infringed Plaintiff's copyright on the NFL Network by telecasting a work known as "Top Ten Draft Busts" in which the infringing logo is displayed. Defendants telecasted the infringing work on at least two occasions since on or about April 22, 2012 on the NFL Network and telecasted this program prior to April 22, 2012 for an unknown number of occasions.

19. Defendants received royalties and revenues for publicly displaying the infringing work on the NFL Network. The infringement alleged herein was willful and purposeful. The infringement alleged herein was committed by Defendants after actual notice by, among other things, prior adjudications that use of the logo was a violation of Plaintiff's copyright.

20. The infringement alleged herein is a new and distinct infringement occurring after the date of registration for purposes of 17 U.S.C. § 412.

21. Plaintiff did not know or have reason to know of the infringement alleged herein until April 22, 2012.

WHEREFORE, Plaintiff Frederick E. Bouchat, demands:

a. That Plaintiff be awarded actual damages;

b. That Plaintiff be awarded profits of Defendants National Football League Enterprises, LLC and NFL Network Services, LLC that are attributable to the infringement;

    c.  That Plaintiff be awarded statutory damages;

    d.  That the Court issue a final permanent injunction to otherwise prevent and restrain the infringement of Plaintiff's copyright;

    e.  That Plaintiff be awarded attorney's fees and costs; and/or

    f.  That the Court grant such other relief as justice requires.

COUNT IV

22.    Plaintiff incorporates by reference all relevant allegations set forth in Count I, II, and III above.  Defendants NFL Enterprises and/or NFL Network are the owners and operators of the television programming service and channel known as "NFL Network".

23.    Since on or about September 21, 2010, unbeknownst to Plaintiff, Defendants publicly displayed and infringed Plaintiff's copyright on the Internet by use of film segments from the 1996-1998 football seasons on nfl.com in a work that it entitled "Sound Fx: Ray Lewis" in which the infringing logo is displayed. Defendants posted the infringing work for access and viewing on nfl.com. As of the date of this filing, members of the public accessed the infringing logo and viewed the work at least 41,205 times on nfl.com, in addition to other websites licensed to link to nfl.com.

24.    In addition to posting the infringing video on its own website, NFL Enterprises and/or NFL Network sold the rights to other Internet television hosts, including but not limited to hulu.com, to display the infringing work.

25.    Defendants received royalties and revenues for publicly displaying the infringing work on the NFL Network.  The infringement alleged herein was willful and purposeful.  The infringement alleged herein was committed by Defendants after actual

notice by, among other things, prior adjudications that use of the logo was a violation of Plaintiff's copyright.

26. The infringement alleged herein is a new and distinct infringement occurring after the date of registration for purposes of 17 U.S.C. § 412.

27. Plaintiff did not know or have reason to know of the infringement alleged herein until May 14, 2012.

WHEREFORE, Plaintiff Frederick E. Bouchat, demands:

a. That Plaintiff be awarded actual damages;

b. That Plaintiff be awarded profits of Defendants National Football League Enterprises, LLC and NFL Network Services, LLC that are attributable to the infringement;

c. That Plaintiff be awarded statutory damages;

d. That the Court issue a final permanent injunction to otherwise prevent and restrain the infringement of Plaintiff's copyright;

e. That Plaintiff be awarded attorney's fees and costs; and/or

f. That the Court grant such other relief as justice requires.

## COUNT V

28. Plaintiff incorporates by reference all relevant allegations set forth in Count I above. Defendants NFL Enterprises and/or NFL Network are the owners and operators of the television programming service and channel known as "NFL Network".

29. Since on or about September 21, 2010, unbeknownst to Plaintiff, Defendants publicly displayed and infringed Plaintiff's copyright on the NFL Network by

telecasting a work known as "Sound Fx: Ray Lewis" in which the infringing logo is displayed. Defendants telecasted the infringing work on May 13, 2012 on the NFL Network and on other occasions prior and subsequent to May 13, 2012.

30. Defendants received royalties and revenues for publicly displaying the infringing work on the NFL Network. The infringement alleged herein was willful and purposeful. The infringement alleged herein was committed by Defendants after actual notice by, among other things, prior adjudications that use of the logo was a violation of Plaintiff's copyright.

31. The infringement alleged herein is a new and distinct infringement occurring after the date of registration for purposes of 17 U.S.C. § 412.

32. Plaintiff did not know or have reason to know of the infringement alleged herein until May 13, 2012

WHEREFORE, Plaintiff Frederick E. Bouchat, demands:

g. That Plaintiff be awarded actual damages;

h. That Plaintiff be awarded profits of Defendants National Football League Enterprises, LLC and NFL Network Services, LLC that are attributable to the infringement;

i. That Plaintiff be awarded statutory damages;

j. That the Court issue a final permanent injunction to otherwise prevent and restrain the infringement of Plaintiff's copyright;

k. That Plaintiff be awarded attorney's fees and costs; and/or

That the Court grant such other relief as justice requires.

/s/
Howard J. Schulman  (Fed. Bar No. 00129)

/s/
Marie J. Ignozzi  (Fed. Bar No. 29762)
Schulman & Kaufman, LLC
100 N. Charles Street, Suite 600
Baltimore, Maryland 21201
(410) 576-0400
Attorneys for Plaintiff

### REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by Jury.

/s/
Howard J. Schulman