IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

|  |  |
|---|---|
| FREDRICK E. BOUCHAT,<br><br>                         Plaintiff,<br><br>   -against-<br><br>NATIONAL FOOTBALL LEAGUE<br>ENTERPRISES, LLC, et al.,<br><br>                     Defendants. | Civil Action No. MJG-12-1495<br><br>**ANSWER OF DEFENDANTS<br>NFL ENTERPRISES LLC, NFL<br>NETWORK SERVICES, INC.,<br>AND NFL PRODUCTIONS LLC<br>d/b/a NFL FILMS**<br><br>JURY TRIAL DEMANDED |

Defendants NFL Enterprises LLC ("NFL Enterprises"), NFL Network Services, Inc. ("NFL Network Services"), and NFL Productions LLC d/b/a NFL Films ("NFL Productions") (collectively, "Defendants"),[1] by and through their undersigned counsel, for their Answer to the Amended Complaint filed against them by Plaintiff Frederick E. Bouchat ("Plaintiff") on June 27, 2012, state as follows:

     1.     Paragraph 1 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants do not contest the Court's subject matter jurisdiction.

---

[1]   The Amended Complaint incorrectly names "National Football League Enterprises, LLC," "NFL Network Services, LLC," and "NFL Productions, LLC d/b/a NFL Films" as defendants—no such entities exists.  This Answer assumes that NFL Enterprises LLC, NFL Network Services, Inc., and NFL Productions LLC d/b/a NFL Films, respectively, are the intended named defendants and incorporates this assumption herein.

2.       Paragraph 2 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants aver that this is a civil action in which Plaintiff alleges copyright infringement, brought under 17 U.S.C. §§ 501, 502, 503, and 504; and deny that Plaintiff is entitled to remedies under 17 U.S.C. §§ 502, 503 and 504.

3.       Paragraph 3 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants admit that venue is proper in this Court and admit that Plaintiff invokes the Maryland Long Arm Statute.  Defendants lack sufficient knowledge or information to form a belief as to the allegations contained in the third and fourth sentences of Paragraph 3 of the Amended Complaint and on that basis deny those allegations.  Defendants aver that they knew that the specific existing works identified in Counts I – V of the Amended Complaint—which, as part of the recounting of Ravens' history, incidentally and historically include adaptations of a team logo used by the Baltimore Ravens, a National Football League professional football club, in its 1996–1998 seasons (the "Flying B Logo")—were capable of being accessed on the Internet and/or viewed by persons in Maryland, where applicable.  Defendants deny the remaining allegations contained in Paragraph 3 of the Amended Complaint.

4.       Paragraph 4 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants aver that Plaintiff alleges he created an original drawing, fixed on paper, depicting a raven with wings extended upward clutching a shield with a stylized "B" and a botany cross (the "Shield Drawing") on or about December 5, 1995; aver that the Shield Drawing is the subject of this copyright action; and otherwise lack sufficient knowledge or information to form a belief as to the remaining allegations contained in the first sentence of Paragraph 4 of the Amended Complaint and on that basis deny

those allegations.  Defendants aver that Plaintiff alleges that, on or about July 25, 1996, he applied to the Register of Copyrights for a Certificate of Registration for the Shield Drawing entitled "The Ravens"; admit that the Register of Copyrights issued a Certificate of Registration, bearing the registration No. VAu 372-606, effective July 25, 1996; and otherwise lack sufficient knowledge or information to form a belief as to the remaining allegations contained in the second sentence of Paragraph 4 of the Amended Complaint and on that basis deny those allegations.  Defendants aver that, in a preceding related case, the Shield Drawing was held by the Fourth Circuit to be an original work entitled to copyright protection, *see Bouchat v. Baltimore Ravens, Inc.*, 241 F.3d 350, 356 (4th Cir. 2001), and otherwise deny the allegations contained in the third sentence of Paragraph 4 of the Amended Complaint.  Defendants lack sufficient knowledge or information as to form a belief as to the allegations contained in the fourth sentence of Paragraph 4 of the Amended Complaint and on that basis deny those allegations.

5.      Paragraph 5 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants lack sufficient knowledge or information as to form a belief as to the allegations contained in the first sentence of Paragraph 5 of the Amended Complaint and on that basis deny those allegations.  Defendants deny the allegations contained in the second sentence of Paragraph 5 of the Amended Complaint.

6.      Paragraph 6 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants admit that Baltimore Ravens, Inc. is a predecessor to the Baltimore Ravens Limited Partnership; aver that National Football League Properties, Inc. and Baltimore Ravens, Inc. used the Flying B Logo as the primary logo of the Baltimore Ravens professional football team in its 1996–1998 seasons; admit

that National Football League Properties, Inc. and Baltimore Ravens, Inc. ceased using the Flying B Logo as the primary logo of the Baltimore Ravens professional football team some time in 1999; and aver that, in a preceding related case, the Flying B Logo was determined to be substantially similar to the Shield Drawing.  Defendants deny the remaining allegations contained in Paragraph 6 of the Amended Complaint.

7.    Defendants admit the allegations contained in Paragraph 7 of the Amended Complaint.

8.    Paragraph 8 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants aver that NFL Enterprises made available for viewing on nfl.com a clip titled "Top Ten Draft Classes: 1996 Baltimore Ravens" since on or about September 7, 2007; and that, as part of the historical recounting of the top ten draft classes in the NFL, this clip incidentally and historically includes an adaptation of the Flying B Logo.  Defendants deny that members of the public accessed and viewed the clip titled "Top Ten Draft Classes: 1996 Baltimore Ravens" on other websites licensed to link to nfl.com; and otherwise lack sufficient knowledge or information as to form a belief as to the allegations contained in the second sentence of Paragraph 8 of the Amended Complaint and on that basis deny those allegations.  Defendants deny the remaining allegations contained in Paragraph 8 of the Amended Complaint.

9.    Paragraph 9 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations.

10.     Paragraph 10 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations.

11.     Paragraph 10 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 11 of the Amended Complaint and on that basis deny the allegations.

Defendants aver that Plaintiff's WHEREFORE clause and subparagraphs (a) through (f) following Paragraph 11 do not contain allegations that require a response, but to the extent a response is required, Defendants deny such allegations.

12.     Defendants incorporate by reference their responses to the allegations contained in Paragraphs 1-11.  Defendants admit that NFL Enterprises is the owner and operator of the television programming service and channel known as "NFL Network," and otherwise deny the allegations contained in the second sentence of Paragraph 12 of the Amended Complaint.

13.     Paragraph 13 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants aver that a film known as "Top Ten: Draft Classes" was telecast on NFL Network since on or about April 18, 2007; that, as part of the historical recounting of the top ten draft classes in the NFL, this film incidentally and historically includes an adaptation of the Flying B Logo; and that the film was telecast on NFL Network on at least six occasions since on or about April 14, 2012, as well as on additional occasions before April 14, 2012.  Defendants deny the remaining allegations contained in Paragraph 13 of the Amended Complaint.

14.     Paragraph 14 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations.

15.     Paragraph 15 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations.

16.     Paragraph 16 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 16 of the Amended Complaint and on that basis deny the allegations.

Defendants aver that Plaintiff's WHEREFORE clause and subparagraphs (a) through (f) following Paragraph 16 do not contain allegations that require a response, but to the extent a response is required, Defendants deny such allegations.

17.     Defendants incorporate by reference their responses to the allegations contained in Paragraphs 1-16.  Defendants admit that NFL Enterprises is the owner and operator of the television programming service and channel known as "NFL Network," and otherwise deny the allegations contained in the second sentence of Paragraph 17 of the Amended Complaint.

18.     Paragraph 18 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants aver that a film known as "Top Ten: Draft Busts" was telecast on NFL Network since on or about April 25, 2007; that, as part of the historical recounting of the top ten draft busts in the NFL, this film incidentally and historically includes an adaptation of the Flying B Logo; and that the film was telecast on NFL

Network on at least two occasions since on or about April 22, 2012, as well as on additional occasions before April 14, 2012. Defendants deny the remaining allegations contained in Paragraph 18 of the Amended Complaint.

19.     Paragraph 19 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations.

20.     Paragraph 20 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations.

21.     Paragraph 21 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 21 of the Amended Complaint and on that basis deny the allegations.

Defendants aver that Plaintiff's WHEREFORE clause and subparagraphs (a) through (f) following Paragraph 21 do not contain allegations that require a response, but to the extent a response is required, Defendants deny such allegations.

22.     Defendants incorporate by reference their responses to the allegations contained in Paragraphs 1-21. Paragraph 22 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants admit that NFL Enterprises is the owner and operator of the television programming service and channel known as "NFL Network," and otherwise deny the allegations contained in the second sentence of Paragraph 22 of the Amended Complaint. Defendants aver that NFL Productions has produced films that, as

part of the recounting of Ravens' history, incidentally and historically include adaptations of the Flying B Logo, and otherwise deny the allegations contained in the third sentence of Paragraph 22 of the Amended Complaint.

23.     Paragraph 23 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations.

24.     Paragraph 24 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants aver that NFL Enterprises provided a license to the website hulu.com to post a video known as "Sound Fx: Ray Lewis" that, as part of the historical recounting of the storied career of NFL football legend Ray Lewis, incidentally and historically includes an adaptation of the Flying B Logo, and otherwise deny the allegations contained in Paragraph 24 of the Amended Complaint.

25.     Paragraph 25 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations.

26.     Paragraph 26 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations.

27.     Paragraph 27 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 27 of the Amended Complaint and on that basis deny the allegations.

Defendants aver that Plaintiff's WHEREFORE clause and subparagraphs (a) through (f) following Paragraph 27 do not contain allegations that require a response, but to the extent a response is required, Defendants deny such allegations.

28.     Defendants incorporate by reference their responses to the allegations contained in Paragraphs 1-27.  Paragraph 28 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants admit that NFL Enterprises is the owner and operator of the television programming service and channel known as "NFL Network," and otherwise deny the allegations contained in the second sentence of Paragraph 28 of the Amended Complaint.  Defendants aver that NFL Productions has produced films that, as part of the recounting of Ravens' history, incidentally and historically include adaptations of the Flying B Logo, and otherwise deny the allegations contained in the third sentence of Paragraph 28 of the Amended Complaint.

29.     Paragraph 29 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants aver that a film known as "Sound Fx: Ray Lewis" was telecast on NFL Network since on or about September 21, 2010; that, as part of the historical recounting of the storied career of NFL football legend Ray Lewis, this film incidentally and historically includes an adaptation of the Flying B Logo; and that the film was telecast on NFL Network on several occasions, including prior to, on or about, and subsequent to May 13, 2012.  Defendants deny the remaining allegations contained in Paragraph 29 of the Amended Complaint.

30.     Paragraph 30 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations.

31.     Paragraph 31 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations.

32.     Paragraph 32 of the Amended Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 32 of the Amended Complaint and on that basis deny the allegations.

Defendants aver that Plaintiff's WHEREFORE clause and subparagraphs (g) through (l) following Paragraph 32 do not contain allegations that require a response, but to the extent a response is required, Defendants deny such allegations.

## AFFIRMATIVE DEFENSES

By alleging the Affirmative Defenses set forth below, Defendants do not agree or concede that they bear the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part.  Defendants reserve the right to assert additional Affirmative Defenses.

### First Affirmative Defense:
### Fair Use

Plaintiff's claims are barred, in whole or in part, by the doctrine of copyright fair use, 17 U.S.C. § 107.

**Second Affirmative Defense:**
**Consent, Acquiescence, and License**

Plaintiff's claims are barred, in whole or in part, by consent, acquiescence, and actual and/or implied license.

**Third Affirmative Defense:**
**Res Judicata**

Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata, including the doctrines of claim preclusion and/or issue preclusion.

**Fourth Affirmative Defense:**
**Statute of Limitations**

Plaintiff's claims are barred, in whole or in part, by relevant statutes of limitations.

**Fifth Affirmative Defense:**
**Unclean Hands**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**Sixth Affirmative Defense:**
**Laches**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**Seventh Affirmative Defense:**
**Innocent Intent**

Plaintiff's claims are barred, in whole or in part, by Defendants' innocent intent.

**Eighth Affirmative Defense:**
**De Minimis**

Plaintiff's claims are barred, in whole or in part, by the de minimis doctrine.

**Ninth Affirmative Defense:**
**Failure to State a Claim**

Plaintiff fails to state any claims for which relief may be granted.

**Tenth Affirmative Defense:**
**Failure to Mitigate**

Plaintiff's claims are barred, in whole or in part, by the failure to mitigate damages, if any.

**Eleventh Affirmative Defense:**
**Free Speech**

Plaintiff's claims are barred, in whole or in part, by free speech rights guaranteed by the First Amendment to the United States Constitution and by the Constitution of the State of Maryland and other states.

**Twelfth Affirmative Defense:**
**Damages: Due Process**

Plaintiff's claims for damages, including but not limited to statutory and/or punitive damages, are barred, in whole or in part, by Defendants' right to due process under the United States Constitution and/or the Constitution of the State of Maryland and other states.

**Thirteenth Affirmative Defense:**
**Damages: Copyright Act**

Plaintiff's claims for statutory damages and attorney's fees are barred, in whole or in part, by the Copyright Act, 17 U.S.C. § 412.

**Fourteenth Affirmative Defense:**
**Damages: Extraterritoriality**

Plaintiff's claims for damages, including for disgorgement of Defendants' alleged profits, attributable to sales or other activities outside the United States are barred by reason of the Copyright Act's territorial limitations and by the lack of subject matter jurisdiction over such extraterritorial claims in proceedings under the U.S. Copyright Act.

**Fifteenth Affirmative Defense:**
**<u>Lack of Injury or Damage</u>**

Plaintiff is barred from obtaining any relief from Defendants in this action because Plaintiff has suffered no injury or damage as a result of any act or conduct by Defendants, and none of Defendants' revenues or profits, nor any alleged damages suffered by Plaintiff, are attributable to Defendants' allegedly infringing conduct.

**Sixteenth Affirmative Defense:**
**<u>Damages: No Willfulness</u>**

Plaintiff's damages, if any, are limited to the extent that Plaintiff is not able to allege or prove facts sufficient to show that the alleged infringement was willful.


**<u>RELIEF REQUESTED</u>**

WHEREFORE, Defendants respectfully request the following relief:

1.      A judgment in favor of Defendants denying Plaintiff all relief requested in its Amended Complaint in this action and dismissing the Amended Complaint with prejudice;

2.      That Defendants be awarded their costs of suit, including reasonable attorney's fees; and

3.      That the Court award Defendants such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues so triable in accordance with Federal

Rule of Civil Procedure 38(b).


Dated: July 16, 2012
      New York, New York

          Respectfully submitted,

           /s/ Robert L. Raskopf
          Robert L. Raskopf (admitted *pro hac vice*)
          robertraskopf@quinnemanuel.com
          Todd Anten (admitted *pro hac vice*)
          toddanten@quinnemanuel.com
          QUINN EMANUEL URQUHART & SULLIVAN, LLP
          51 Madison Avenue, 22nd Floor
          New York, New York 10010
          (212) 849-7000 (Phone)
          (212) 849-7100 (Facsimile)

           - and –

          Mark D. Gately (#00134)
          mark.gately@hoganlovells.com
          HOGAN LOVELLS US LLP
          100 International Drive, Suite 2000
          Baltimore, Maryland 21202
          (410) 659-2742 (Phone)
          (410) 659-2701 (Facsimile)

          *Attorneys for Defendants*